UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACK,<br><br>                            Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>                            Defendant. | Case No.: 18cv1673 JM (LL)<br><br>**ORDER GRANTING JOINT MOTION TO REMAND AND ENTERING FINAL JUDGMENT** |

      Plaintiff Charles Black and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, jointly move the court to remand this action for further administrative proceedings pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 15.) On February 25, 2019, the court requested further briefing on the reasons for the parties' joint request. (Doc. No. 16.) The parties filed supplemental briefing on this issue. (Doc. Nos. 17, 19.) For the reasons discussed below, the court grants the joint motion to remand. Defendant's motion to appear telephonically (Doc. No. 18) is denied as moot.

      On November 7, 2013, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act. (Administrative Record ("AR") 16.) The Commissioner denied Plaintiff's application initially and upon reconsideration. (AR 102-12.) After a hearing, an administrative law judge ("ALJ") determined Plaintiff was not disabled. (AR 13-29.) The ALJ's decision became the Commissioner's final decision after the Appeals Council denied Plaintiff's request for review. (AR 1-6.)

      Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." "A sentence four remand has thus been characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).

Here, the parties agree that the agency erred when it failed to adequately develop the factual record on the issue of Plaintiff's past relevant work history. At step four of the five-step disability analysis required by 20 C.F.R. § 416.920(a), the ALJ found that Plaintiff could perform past relevant work. (AR 25.) If a claimant can perform any of his past relevant work, he is not disabled. 20 C.F.R. § 416.920(f). "Past relevant work" is defined as work that was performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). Work presumptively qualifies as "substantial gainful activity" when the claimant's monthly average earnings are higher than the threshold earnings amount set by the Social Security Administration. See 20 C.F.R. § 416.974.

It is not disputed that Plaintiff worked as a telemarketer over the relevant 15-year period and that he learned how to do this work. (Doc. Nos. 17, 19.) However, the parties agree that it is not clear from the record whether this work qualified as "substantial gainful activity." During the relevant 15-year period, Plaintiff earned between $3,882.66 and $10,729.89 per year as a telemarketer. (AR 189.) Plaintiff made the most money, $10,729.89, in 2007. During that year, the substantial gainful activity amount was $900 per month. Social Security Administration, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html. Plaintiff's annual 2007 earnings average to slightly less than $900 a month, if we assume that he worked all twelve months as a telemarketer.[1] But at the hearing, Plaintiff represented that prior to 2009 he worked as telemarketer for less than the full year. (AR 38, 48-50.) As a result, the parties agree that

---

[1] Plaintiff's earning records reveal his total annual earnings, but do not break down his earnings by month. (AR 186-89.)

it is unclear whether Plaintiff's monthly telemarketing earnings met the minimum threshold amount for substantial gainful activity in 2007. In addition, because the ALJ found Plaintiff was not disabled at step four, the ALJ did not reach the issue of whether there was "other work" Plaintiff could perform.

Accordingly, the court reverses the decision of the ALJ and remands for further proceedings. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099, 1105 (9th Cir. 2014). The parties' motions to remand (Doc. Nos. 15, 19) are granted. This matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for further administrative proceedings pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). On remand, the Appeals Council will remand the case to an ALJ. The Appeals Council will instruct the ALJ to further assess the record, to offer Plaintiff the opportunity for a new hearing, to take further action as warranted to complete the administrative record, and to issue a new decision. The Clerk of the Court is ordered to enter a final judgment in favor of Plaintiff, and against Defendant. IT IS SO ORDERED.

DATED: March 12, 2019

JEFFREY T. MILLER
United States District Judge