UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACK,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>                      Defendant. | Case No.: 18cv1673 JM (LL)<br><br>**ORDER GRANTING JOINT MOTIONS FOR ATTORNEY'S FEES AND EXPENSES** |

The parties jointly move the court to award Plaintiff attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. Nos. 22, 24.) For the reasons discussed below, the court grants the parties' joint motions.

**BACKGROUND**

On May 23, 2019, Plaintiff Charles Black and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, jointly moved to award Plaintiff $3,000 in attorney's fees and expenses under EAJA, 28 U.S.C. § 2412(d), and for no award of costs under 28 U.S.C. § 1920. (Doc. No. 22.) On June 10, 2019, in response to the court's order requesting supplemental briefing, the parties submitted an amended joint motion for attorney's fees and expenses that included an itemized list stating the actual time expended and the rate at which fees and other expenses were computed. (Doc. No. 24.)

///

1

18cv1673 JM (LL)

## DISCUSSION

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005).

Here, Plaintiff is the prevailing party as this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered in Plaintiff's favor. Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."). Second, in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.

Lastly, the requested fees and costs are reasonable. The parties seek a fee award for 2.7 hours billed by a paralegal, 14.1 hours billed by Plaintiff's counsel, and $15.66 in costs for service of the summons and complaint. (Doc. No. 24-2 at 1.) The court finds the number of hours billed by the paralegal and Plaintiff's counsel reasonable. See 28 U.S.C. § 2412(d); Nadarajah v. Holder, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees). The hourly rates billed by the paralegal and counsel are also reasonable. 28 U.S.C. § 2412(d)(2)(A) provides that the court may award reasonable attorney's fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." The paralegal bills at an hourly rate of $130 and counsel bills at an hourly rate of $201.60. (Id.) The parties' amended joint motion fails to provide any reason or authority for fees above the statutory mandated amount of $125 per hour. However, the Ninth Circuit's hourly EAJA rate for work performed in 2018, factoring in an increase in the cost of living, was $201.60. See United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.

php?pk_id=0000000039 (last visited June 11, 2019).  Furthermore, the court may approve paralegal rates at prevailing market rates.  <u>Nadarajah v. Holder</u>, 569 F.3d at 918; <u>Krebs v. Berryhill</u>, 16cv3096 JLS (BGS) (S.D. Cal. June 21, 2018) (approving paralegal hourly rate of $125 for EAJA award).  Here, the parties reduce the lodestar amount of $3,193.56 to a request for $3,000.  The court finds this amount reasonable.

## CONCLUSION

Accordingly, the parties' joint motions (Doc. Nos. 22, 24) are granted and Plaintiff is awarded $3,000 in reasonable attorney's fees and costs.

IT IS SO ORDERED.

DATED: June 11, 2019

JEFFREY T. MILLER
United States District Judge